## HELEN M. NOLES *v.* ARTHUR PETER, Assignee.

*Mortgage Sale—Exceptions.*

The fact that a witness testified that she had bought property in 1918 for $75,000 and had thereafter improved it, did not show that a mortgage sale thereof in 1925 for $53,100 was for a grossly inadequate price, such price being $2,100 more than was paid for the property two years earlier by the person objecting to the price, and there being no evidence as to possible depreciation since·1918.

The objection that a mortgage sale was at a grossly inadequate price can not be made by one who was the real owner of the property before the sale, the title standing in her agent's name, and who was also the real purchaser, the successful bidder being another of her agents.

*Decided March 10th, 1926.*

Appeal from the Circuit Court for Prince George's County, In Equity (MATTINGLY, J.).

Proceeding by Arthur Peter, assignee, to foreclose a mortgage. From an order ratifying the sale, Helen M. Noles, mortgagor, appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Fred B. Rhodes,* for the appellant.

*Arthur Peter,* with whom was *J. W. Whiting* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court, affirming the order, with costs.

---

## HOWE TOTTEN *v.* PRISCILLA STEARNS TOTTEN.

*Divorce—Adultery—Evidence.*

The burden of proof is on one alleging adultery as a ground for divorce, and the evidence should be clear, satisfactory and convincing.

*Decided April 23rd, 1926.*